**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WESTFIELD INSURANCE COMPANY,

Plaintiff,

v.

Case No. 1:25-cv-01167-MIS-LF

BLAKE'S LOTABURGER, LLC; CYRESS GARCIA; and JOLEEN K. YOUNGERS, as Personal Representative of the Wrongful Death Estate of Cypress Garcia,

Defendants.

**ORDER DENYING DEFENDANTS CYRESS GARCIA AND JOLEEN K. YOUNGERS, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF CYPRESS GARCIA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

THIS MATTER is before the Court on Defendants Cyress Garcia ("Cyress") and Joleen K. Youngers, as Personal Representative of the Wrongful Death Estate of Cypress Garcia ("the Estate")'s Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), ECF No. 27, filed February 19, 2026. Plaintiff Westfield Insurance Company ("Westfield") filed a Response on February 24, 2026 ("Response"), ECF No. 30, to which Defendants filed a Reply on March 10, 2026 ("Reply"), ECF No. 31. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion but bifurcate the duty to defend and the duty to indemnify.

## I. Background

On August 16, 2022, brothers Cypress and Cyress Garcia were working as employees of Blake's Lotaburger restaurant ("Blake's") in Espanola, New Mexico. Am. Compl. ¶¶ 9-10, ECF No. 1. At approximately 9:30 p.m., Eddie Martinez, Jr. attempted to rob the restaurant. Id. ¶ 11. During the attempted robbery, Martinez fatally shot Cypress. Id. ¶ 12.

On August 13, 2025, Cyress and the Estate filed a lawsuit against Blake's in New Mexico state court, seeking to recover damages related to the alleged wrongful death of Cypress, in addition to punitive damages ("Underlying Lawsuit"). Id. ¶ 14. Cyress also seeks recovery for his own alleged "bodily injury" damages. Id. ¶ 15.

At the time of the attempted robbery, Blake's was insured under a Commercial General Liability policy issued by Westfield ("Policy"). Id. ¶ 16. The Policy's Primary Liability Coverage Part contains the following exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
> . . .
>
> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e. Employer's Liability**
>
> "Bodily injury to:
>
> 1. An "employee" of the insured arising out of and in the course of:
>
>     **a.** Employment by the insured; or
>
>     **b.** Performing duties related to the conduct of the insured's business; or
>
> 2. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above .
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

Id. ¶ 22. The Policy also contains an Umbrella Liability Coverage Part with identical exclusions. Id. ¶ 25.

Blake's tendered its defense and indemnity in the Underlying Lawsuit to Westfield under the Policy. Id. ¶ 19. Westfield is providing a defense to Blake's under reservations, including its rights to decline defense obligations because coverage is excluded where claims arise out of bodily injury suffered by an employee in the course of employment by the insured. Id. ¶ 20.

On November 21, 2025, Westfield filed this federal declaratory judgment action, ECF No. 1, which was assigned to then-United States District Judge James O. Browning, ECF No. 5. On February 5, 2026, Westfield filed the operative Amended Complaint against Blake's, Cyress, and the Estate, seeking a declaration that it owes no coverage for bodily injury suffered by Cypress and Cyress during the attempted robbery on August 16, 2022. ECF No. 22.

On February 19, 2026, Cyress and the Estate ("Defendants") filed the instant Motion to Dismiss.[1] ECF No. 27. Westfield filed a Response, ECF No. 30, to which Defendants filed a Reply, ECF No. 31.

On July 1, 2026, Judge Browning held a hearing on the Motion. See Clerk's Mins. for July 1, 2026 Hr'g, ECF No. 45. On September 2, 2026, the case was reassigned to the Undersigned United States District Judge. ECF No. 46.

## II. Legal Standard

The federal declaratory judgment statute provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[D]istrict courts

[1] Blake's filed an Answer to the Amended Complaint, ECF No. 23, and has not joined the Motion.

are 'under no compulsion' to grant declaratory relief but have discretion to do so." United States v. City of Las Cruces, 289 F.3d 1170, 1180 (10th Cir. 2002) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942)).

> The question for a district court presented with a suit under the Declaratory Judgment Act, the [Brillhart] Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1316 (10th Cir. 2024) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995)). In State Farm Fire & Casualty Co. v. Mhoon, the Tenth Circuit espoused five factors district courts should consider when deciding whether to exercise jurisdiction to grant declaratory relief:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d 979, 983 (10th Cir. 1994) (citation omitted). The first two Mhoon factors are often considered together. See, e.g., Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc., 685 F.3d 977, 982 (10th Cir. 2012); see also St. Paul Fire & Marine Ins. Co. v. Jones, Civil Action No. 20-cv-0389-WJM-GPG, 2021 WL 5415869, at *3 (D. Colo. Nov. 19, 2021) (stating that the first two Mhoon factors "are best considered together").

## III. Discussion

Defendants argue that all of the Mhoon factors weigh in favor of abstention. Mot. at 4-9. Westfield argues that all of the Mhoon factors weigh in favor of exercising jurisdiction. Resp. at

5-12. For the reasons that follow, the Court finds that the Mhoon factors favor exercising jurisdiction but bifurcating the issues.

**a. First two Mhoon factors: A declaratory judgment would settle the controversy and clarify the legal relations at issue**

As to the first Mhoon factor, this action will fully settle whether Westfield owes coverage for Cyress and the Estate's claims in the Underlying Lawsuit. Whatever the outcome, the controversy between Westfield and Blake's will be resolved.[2] See Liberty Mut. Pers. Ins. Co. v. Prutsman, Civil Action No. 1:23-cv-02615-RMR-SBP, 2024 WL 3341002, at *6 (D. Colo. June 10, 2024) (finding that the first Mhoon factor favored exercising jurisdiction because "[w]hatever the outcome, the controversy between Liberty Mutual and Defendants concerning the duties to defend and indemnify in the Underlying Litigation will be resolved"); N.H. Ins. Co. v. TSG Ski & Golf, LLC, Civil Action No. 21-cv-01873-CMA-NYW, 2022 WL 1184547, at *4 (D. Colo. Apr. 21, 2022) (finding that the first Mhoon factor favored exercising jurisdiction because "the instant action would fully settle the controversy of whether Plaintiffs have a duty to defend or indemnify Defendants from the claims asserted in the Underlying Complaint").

For the same reason, the Court finds that the second Mhoon factor weighs in favor of exercising jurisdiction: a determination regarding Westfield's coverage obligations will undoubtedly serve a useful purpose in clarifying the legal relations at issue. See Addison Ins. Co. v. Rippy, Civil Action No. 08–cv–00237–PAB–MJW, 2009 WL 723322, at *5 (D. Colo. Mar. 18, 2009) (finding that first two Mhoon factors weighed against dismissing or staying the case and recognizing that "because determining the duties of insurers represents an intended and important application of the Declaratory Judgment Act, adjudication by this Court of [the insurer's] claims

[2] Cyress and the Estate have not sued Westfield in the Underlying Lawsuit.

would serve a useful purpose in clarifying the legal relations at issue in this case"); see also Jones, 2021 WL 5415869, at *3 (finding that the first two Mhoon factors weighed against staying the case); Prutsman, 2024 WL 3341002, at *6-7 (finding that the first two Mhoon factors weighed against dismissing or staying the case).

**b. Third Mhoon factor: No indication of procedural fencing**

As to the third Mhoon factor, the Court is unpersuaded that the procedural posture of this case supports a finding of procedural fencing. "[T]he court discerns no sinister motives on the part of [Westfield] by its utilization of a declaratory action to establish nonliability under the Policy—an approach long-recognized as 'one of the prime purposes of the Declaratory Judgment Act.'" Prutsman, 2024 WL 3341002, at *7 (quoting W. Cas. & Sur. Co. v. Teel, 391 F.2d 764, 767 (10th Cir. 1968)). "There is no evidence that Plaintiffs are using the federal claim to avoid a negative outcome in the state case, and a general assertion that Plaintiffs are trying to avoid further fact development does not rise to the level of procedural fencing." W. Am. Ins. Co. v. Atyani, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018). It appears to the Court that Westfield is simply looking for a forum to determine its coverage responsibilities. Therefore, the Court cannot find that the third Mhoon factor weighs against exercising federal jurisdiction.

**c. Fourth Mhoon factor: A declaratory judgment regarding Westfield's duty to indemnify may encroach upon state jurisdiction**

However, as to the fourth Mhoon factor, while the Court likely can determine Westfield's duty to defend Blake's without creating friction with the New Mexico state court, a determination as to Westfield's duty to indemnify would encroach upon the state court and is premature.

"The limitation that the fourth Mhoon factor places on the federal inquiry is that the federal action may not unduly interfere with the underlying state court action." Rippy, 2009 WL 723322,

at *5. "Under Mhoon, a federal district court should stay or dismiss an anticipatory declaratory judgment action which requires the court to make a factual finding that likely will be made, and will be material, in the underlying state court action." Id. at *6.

"In New Mexico, the duty to defend is distinct from the duty to indemnify." Atyani, 366 F. Supp. 3d at 1274 (citing Found. Reserve Ins. Co. v. Mullenix, 642 P.2d 604, 605 (1982)). "The duty to defend is broader than the duty to indemnify and may exist 'even if [an insurer] can show in [a] collateral proceeding that it has no duty to pay under the terms of the policy.'" Id. (quoting Mullenix, 642 P.2d at 605). "The duty of an insurer to defend arises from the allegations on the face of the complaint or from the known but unpleaded factual basis of the claim that brings it arguably within the scope of coverage." Am. Gen. Fire & Cas., 799 P.2d at 1116.

However, "[a] court will 'leave[] for later' determination whether the insurer must indemnify the insured, because that 'ultimate determination is based on whether the insurer became legally obligated to pay damages because of a bodily injury . . . that does, in fact, fall under the policy coverage.'" Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 864 F. Supp. 2d 1157, 1193 (D.N.M. 2012) (quoting 12 Couch on Insurance § 172:2 (Supp. 2011)). Indeed, the determination of whether an insurer owes a duty to indemnify "requires the resolution of material facts by the" trial court. City of Albuquerque v. BPLW Architects & Eng'rs, Inc., 213 P.3d 1146, 1155 (N.M. Ct. App. 2009). Although "highly improbable[,]" a duty to indemnify may exist even if a duty to defend does not. See Valley Improvement Ass'n v. U.S. Fid. & Guar. Corp., 129 F.3d 1108, 1126 (10th Cir. 1997) (citing Culp v. Nw. Pac. Indem. Co., 365 F.2d 474, 478 (10th Cir. 1966)); see also Harbin v. Assurance Co. of Am., 308 F.2d 748, 750 (10th Cir. 1962) (observing that the New Mexico Rules of Civil Procedure track the Federal Rules of Civil Procedure, and under the Federal Rules of Civil Procedure "the pleadings are not determinative of the issues, and . . . recovery may

be had on grounds not asserted in the complaint"; therefore, "[t]he possibility that recovery in the state court action may be within the policy coverage cannot be ignored")).[3]

The Court finds that it likely can determine whether Westfield owes the duty to defend Blake's without encroaching on the New Mexico state court. Specifically, the Court can determine—without resolving material facts at issue in the Underlying Lawsuit—whether the allegations in the underlying complaint and the known, but unpleaded, factual basis of the claims brings it arguably within the scope of coverage. It does not appear that additional facts may be discovered that affect Westfield's duty to defend Blake's.[4]

However, in order to determine whether Westfield owes the duty to indemnify Blake's, the Court would have to determine whether certain Policy exclusions apply. Specifically, the Court would have to determine whether Cyress and Cypress's injuries arose out of their employment with Blake's. That finding will be made, and will be material, in the Underlying Lawsuit. As such,

---

[3] To the extent that the Tenth Circuit's interpretation of New Mexico law in Harbin and Valley Improvement are inconsistent with the Supreme Court of New Mexico's statement in Bernalillo County Deputy Sheriffs Association that "[i]f the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required[,]" 845 P.2d at 791, this Court is bound by the Tenth Circuit's interpretation of New Mexico law. See Wankier v. Crown Equip. Corp., 353 F.3d 862, 866 (10th Cir. 2003) (stating that "when a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue"). This Court observes that in Farmers, Inc. v. Dal Machine & Fabricating, Inc., the Supreme Court of New Mexico cited Harbin with approval, stating: "The pleadings, however, are not dispositive of the issues, and recovery may be founded on other grounds not specifically stated in the complaint." 800 P.2d 1063, 1066 (N.M. 1990). Thus, it appears that Harbin correctly interpreted New Mexico law. See also G & G Servs., Inc. v. Agora Syndicate, Inc., 993 P.2d 751, 758 (N.M. Ct. App. 1999).

[4] However, as this case progresses, the Court will revisit the appropriateness of a stay of the duty to defend issue as necessary. See Liberty Mut. Fire Ins. Co. v. Qwest Corp., Civil Action No. 24-cv-02626-NYW-KAS, 2025 WL 2636547, at *8 (D. Colo. Sep. 12, 2025) ("As this case progresses, the Court will revisit the appropriateness of a stay or dismissal of Liberty's declaratory claims as necessary. For now, though, the Court finds that it can resolve the threshold issues in this case and determine Liberty's duty to defend without encroaching on state court jurisdiction.") (citation omitted); N.H. Ins. Co. v. TSG Ski & Golf, LLC, Civil Action No. 21-cv-01873-CMA-NYW, 2022 WL 1184547, at *6 (D. Colo. Apr. 21, 2022) ("[W]hile the fourth Mhoon factor weighs against Defendants' requested relief at this stage, the Court agrees with other courts from this district that reconsideration of dismissal or a stay may be warranted if the case evolves such that the Court must make factual determinations that may affect the Underlying Case or prejudice Defendants.").

this factor favors abstaining as to whether Westfield owes a duty to indemnify until after the Underlying Lawsuit is resolved. See Valley Improvement, 129 F.3d at 1126 (holding, under New Mexico law, that "the duty to indemnify must be determined based on the facts as ultimately determined in the litigation against the insured").

**e. Fifth Mhoon factor: Best way to proceed is to stay duty to indemnify issue and proceed with duty to defend issue**

Having found that resolution of Westfield's duty to defend would not improperly encroach on the New Mexico state court, but that resolution of the duty to indemnify would be premature, the final Mhoon factor looks to whether there is an alternative remedy which is better or more effective. 31 F.3d at 983. The Court finds that exercising jurisdiction but bifurcating this action is the appropriate remedy. See C. H. Heist Caribe Corp. v. Am. Home Assur. Co., 640 F.2d 479, 483 (3d Cir. 1981) (holding that the insurer owed a duty to defend based on the allegations of the underlying complaint but that a determination on the duty to indemnify would be premature because "[a]ctual indemnification depends upon the existence or nonexistence of facts not yet established"). The Court will permit Westfield to file a dispositive motion limited to its duty to defend, and the Court will stay this action as to Westfield's duty to indemnify until after the Underlying Lawsuit has concluded.[5]

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Cyress and the Estate's Motion to Dismiss Plaintiff's First Amended Complaint for Declaratory Judgment, ECF No. 27, is **DENIED** consistent with this Order;

[5] The Court's Standing Order Regarding Motions for Summary Judgment and Motions in Limine—which, inter alia, limits each party to filing one motion for summary judgment—is hereby vacated in part and solely to permit Westfield to file separate motions for summary judgment on the duty to defend and the duty to indemnify, if necessary after the Underlying Lawsuit has concluded.

**2.** This action is **STAYED** with regard to Westfield's duty to indemnify until the Underlying Lawsuit had been resolved; and

**3.** This matter is **REFERRED** to the Magistrate Judge for a Scheduling Conference and/or Amended Scheduling Order, see ECF No. 47, consistent with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE